William H. Fletcher and Another, as Executors, etc., of George Sargent Stringfield, Deceased, Plaintiffs, *v.* Massachusetts Benefit Life Association, Defendant.

*A stipulation that a complaint is in proper form admits a cause of action.*

A stipulation entered into between the parties to an action adjourning the trial thereof, and containing an admission on the part of the defendant that "the complaint is in proper form" is an admission by the defendant that the complaint states a cause of action in favor of the plaintiff as against the defendant, and is not demurrable.

Motion by the plaintiffs, William H. Fletcher and another, as exec-
utors, etc., of George Sargent Stringfield, deceased, for a new trial
on a case containing exceptions ordered to be heard at the General
Term in the first instance, upon the dismissal of the complaint
directed by the court after a trial before the court and a jury at the
New York Circuit.

*Louis Marshall*, for the motion.

*J. K. Hayward*, opposed.

Van Brunt, P. J.:

The question involved upon this motion depends upon the con-
struction of the stipulation entered into between the parties during
the pendency of this action and before its trial. This action was
brought by the executors of one George S. Stringfield to recover
upon a policy of insurance issued by the defendant upon the life of
said Stringfield. And the question which is now urged is that the
cause of action upon the policy of insurance does not reside in the
plaintiffs. By the policy, which forms the basis of the action, the
defendant agreed to pay to Annie L. Stringfield, the wife of the
assured, if living, if not, to the heirs of the assured, in sixty days
after due proof of death. The contract of insurance also provided
that no suit should be brought thereon unless such suit should be
commenced within one year and sixty days from the termination of
the life of the party to whom it was issued, it being an express con-
dition thereof that all rights of action thereunder were limited to
said period of one year and sixty days.

The defendant in this action was a Massachusetts corporation,
and it is claimed upon the part of the plaintiffs that the contract in
question is a Massachusetts contract, and that under the Massachusetts
law actions of this character must be brought by the executors of
the assured. It is urged upon the part of the defense, however,
that the rules governing the bringing of actions in this State must
control, and that such action must be brought by the parties in
interest, namely, the heirs at law of the assured. After the action
was at issue the parties entered into a stipulation by which the
defendant made certain admissions to be used upon the trial, pro-
vided that the trial did not take place prior to the 1st of January,

1894, a date at which the right to bring any action upon the policy would have expired under the limitation above mentioned, and among other things admitted that the complaint herein is in proper form.

Upon the trial this stipulation was admitted in evidence, and the other facts necessary to a recovery were proved. Whereupon the complaint was dismissed upon the ground that a recovery could not be had by the plaintiffs. And upon this appeal it is urged that although in Massachusetts an action might be brought by executors upon a contract of the description above mentioned, such action cannot be maintained in this State. The plaintiffs, although not admitting the truth of this contention, yet evidently feeling its force, contend that such an objection was waived by the stipulation which was entered into as a condition for the postponement of the trial until after the 1st of January, 1894, that the complaint was in proper form. The object of postponing the trial until after the 1st of January, 1894, is apparent; and that is that no other action could be brought against the defendant upon this policy, and if it was paid to the plaintiffs, although they perhaps were not the real parties in interest, no other person could come upon them for repayment, the limitation of the time for bringing an action having expired. It is also perfectly clear that the plaintiffs in procuring the stipulation that the complaint was in proper form, and consenting to postpone the trial, supposed that they were eliminating the question as to the proper parties being before the court.

What does the phrase " The complaint is in proper form," mean ? Can it mean anything except that the complaint states a cause of action in the plaintiffs against the defendant — in other words, is not demurrable ? It appears upon the face of the complaint that this action is brought on this policy by the plaintiffs as the executors of the assured. The contract between the insurance company and Stringfield is made a part of the complaint, and, therefore, the objection as to the action not being brought by the proper parties appears upon the face of the complaint. Now, a party having stipulated that the complaint is in proper form, can he be allowed to demur upon the ground that the complaint does not state facts sufficient to constitute a cause of action? If so what does the stipulation mean ? Evidently nothing. The parties undoubtedly supposed that

they were stipulating in respect to something when they so entered into it. It seems to us that the only construction to be placed upon this stipulation is that the defendant, having admitted that the complaint was in proper form, intended to admit that a cause of action in favor of the plaintiffs was set out therein. And it did that as a condition of being relieved from any embarrassment by reason of other suits being brought, there being some question as to who was the party who might maintain the same.

We think, therefore, that under these circumstances the court erred in dismissing the complaint upon the ground that the plaintiffs had no cause of action.

The exceptions should be sustained and a new trial ordered, with costs to the plaintiffs to abide the event.

FOLLETT and PARKER, JJ., concurred.

Exceptions sustained, new trial ordered, with costs to plaintiffs to abide the event.